1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BENJAMIN GUAYDACAN,

     *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

     *Respondents*.

Case No. 2:13-cv-02086-JAD-NJK

**ORDER**

14       This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's

15 application (Doc. 1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules

16 Governing Section 2254 Cases.  The Court finds that petitioner is unable to pay the filing fee, and

17 the pauper application therefore will be granted.  Following review, it appears that the petition is

18 subject to dismissal with prejudice as time-barred for failure to file it within the one-year limitation

19 period in 28 U.S.C. § 2244(d)(1).  Petitioner is herein directed to show cause why the petition

20 should not be dismissed as time-barred.

21 **I.**     **BACKGROUND**

22       The papers on file and the online docket records of the Nevada state courts[1] reflect the

23 following:

24       Petitioner Benjamin Guaydacan challenges his Nevada state conviction (pursuant to a jury

25 verdict) of one count of first-degree murder with the use of a deadly weapon and one count of

26 burglary while in possession of a firearm.

27

28       [1] *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a federal court may take judicial notice of matters of public record, including documents on file in federal or state courts).

The Supreme Court of Nevada affirmed the conviction on direct appeal in a January 30, 2008, order of affirmance in No. 47146 in that court.  The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on April 29, 2008.

More than fifteen months later, on August 6, 2009, petitioner, through appointed counsel, filed a state post-conviction petition.  The state district court dismissed the petition as untimely, and the Supreme Court of Nevada affirmed in No. 54736.  The order of affirmance was filed on September 10, 2010, and the remittitur issued on October 7, 2010.

Approximately ten months later, on August 9, 2011, petitioner filed a second state post-conviction petition.  The state district court dismissed the petition as untimely, and the Supreme Court of Nevada affirmed in No. 60679.  The order of affirmance was filed on November 12, 2012, and the remittitur issued on December 13, 2012.

Nearly eleven months later, on or about November 4, 2013, petitioner mailed the federal petition in this matter to the Clerk of this Court for filing.

## II.     DISCUSSION

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."  The federal limitation period therefore began running in this case after the time period for seeking *certiorari* review expired, *i.e.,* after April 29, 2008.  Absent tolling or delayed accrual, the limitation period expired one year later on April 29, 2009.

The federal petition in this case was not constructively filed until November 4, 2013, over four years after the federal limitation period had expired, absent tolling or delayed accrual.  Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review.  Petitioner's two state post-conviction petitions did not render the federal petition timely, for two reasons.  First, and most significantly, absent other tolling or delayed accrual, the federal

1   limitation period already had expired on April 29, 2009, months before the first state petition was

2   filed on August 6, 2009.  Second, an untimely state proceeding in any event is not "properly filed"

3   and thus does not statutorily toll the federal limitation period.  *Pace v. DiGuglielmo,* 544 U.S. 408

4   (2005).  Thus, neither petition tolled the running of the federal limitation period while the petitions

5   were pending.  The petition therefore is untimely on its face.

6          Petitioner therefore must show cause in writing why the petition should not be dismissed

7   with prejudice as time-barred.  In this regard, petitioner is informed that the one-year limitation

8   period may be equitably tolled.  Equitable tolling is appropriate only if the petitioner can show:  (1)

9   that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

10  in his way and prevented timely filing.  *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010).  Equitable

11  tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the

12  threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule,"

13  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d

14  1005, 1010 (7th Cir.2000)).  The petitioner ultimately has the burden of proof on this "extraordinary

15  exclusion."  292 F.3d at 1065.  He accordingly must demonstrate a causal relationship between the

16  extraordinary circumstance and the lateness of his filing.  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799

17  (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

18         Petitioner also is informed that, under certain circumstances, the limitation period may begin

19  running on a later date or may be statutorily tolled.  See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) &

20  (d)(2).  Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of

21  actual innocence, he must come forward with new reliable evidence tending to establish his

22  innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty

23  beyond a reasonable doubt.  *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *Lee v. Lampert*, 653

24  F.3d 929 (9th Cir. 2011)(*en banc*).

25         In addition, with regard to Ground 11 in the petition, establishing delayed accrual as to

26  independent claims of alleged ineffective assistance of post-conviction counsel and/or of other

27  alleged error in the state post-judgment proceedings will not render any such claim viable herein.

28  Alleged errors in state post-conviction proceedings are not cognizable on federal habeas review as

1   independently viable claims.  *E.g., Franzen v. Brinkman*, 877 F.2d 26 (1989).  There is a

2   fundamental jurisdictional distinction between a federal court considering a collateral challenge to a

3   state court judgment of conviction and the court instead considering a collateral challenge to other

4   state court judgments.  Congress has granted the federal district courts jurisdiction in 28 U.S.C. §

5   2254 to consider collateral challenges only to state court judgments of conviction.  There is no

6   comparable provision providing those courts jurisdiction to consider collateral challenges to a state

7   court judgment denying a state post-conviction petition.  Furthermore, the Court notes that, in this

8   particular instance, the alleged error in the state district court would have occurred years prior to the

9   filing of the present federal petition.

10   **III.     CONCLUSION**

11          **IT THEREFORE IS ORDERED** that petitioner's application (Doc. 1) to proceed *in forma*

12   *pauperis* is **GRANTED** and that petitioner will not be required to pay the filing fee.

13          **IT FURTHER IS ORDERED** that the Clerk of Court shall file the petition.[2]

14          **IT FURTHER IS ORDERED** that, within **thirty (30) days** of entry of this order, petitioner

15   shall **SHOW CAUSE** in writing why the petition should not be dismissed with prejudice as time-

16   barred.  If petitioner does not timely respond to this order, the petition will be dismissed with

17   prejudice as time-barred without further advance notice.  If petitioner responds but fails to show –

18   with specific, detailed and competent evidence – that the petition is timely, the action will be

19   dismissed with prejudice.

20          **IT FURTHER IS ORDERED** that all assertions of fact made by petitioner in response to

21   this show-cause order must be detailed, must be specific as to time and place, and must be

22   supported by competent evidence.  The Court will not consider any assertions of fact that are not

23   specific as to time and place, that are not made pursuant to a declaration under penalty of perjury

24   based upon personal knowledge, and/or that are not supported by competent evidence filed by

---

[2]The Court does not find that the interests of justice require the appointment of counsel prior to a response to the show-cause order.  The motion (Doc. 2) for appointment of counsel will remain under submission pending further review.  The Court further does not suggest that the pleadings are free of deficiencies.  The Court defers consideration of any deficiencies in the pleadings until after considering in the first instance whether the action is untimely.

petitioner in the federal record.  Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

DATED May 27, 2014.

JENNIFER A. DORSEY
United States District Judge

-5-