# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BENJAMIN GUAYDACAN, | Case No. 2:13-cv-02086-JAD-NJK |
| *Petitioner*, | **ORDER** |
| vs. | |
| DWIGHT NEVEN, *et al.*, | |
| *Respondents*. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry of whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1).  This order follows an earlier show-cause order (Doc. 3) and petitioner's proper person response (Doc. 10) thereto.[1]

## I.    BACKGROUND

The papers on file and the online docket records of the Nevada state courts reflect the following state and federal court procedural history, which is not disputed by petitioner:

Petitioner Benjamin Guaydacan challenges his Nevada state conviction following a jury verdict, of one count of first-degree murder with the use of a deadly weapon and one count of burglary while in possession of a firearm.  The Supreme Court of Nevada affirmed the conviction on direct appeal in a January 30, 2008, order of affirmance in No. 47146.

The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on April 29, 2008.

---

[1]The county public defender who represented petitioner at trial and on direct appeal unilaterally filed a show-cause response for petitioner.  The Court ordered the public defender to show cause why he should not be disqualified. After counsel did not timely respond to the order, the Court disqualified the county public defender and reset petitioner's proper person response time.

1    More than fifteen months later, on August 6, 2009, petitioner, through appointed counsel,

2    filed a state post-conviction petition.  The state district court dismissed the petition as untimely, and

3    the Supreme Court of Nevada affirmed in No. 54736.  The order of affirmance was filed on

4    September 10, 2010, and the remittitur issued on October 7, 2010.

5    Approximately ten months later, on August 9, 2011, petitioner filed a second state post-

6    conviction petition in proper person.  The state district court dismissed the petition as untimely, and

7    the Supreme Court of Nevada affirmed in No. 60679.  The order of affirmance was filed on

8    November 12, 2012, and the remittitur issued on December 13, 2012.

9    Nearly eleven months later, on or about November 4, 2013, petitioner mailed the federal

10   petition in this matter to the Clerk of this Court for filing.

11   **II.    DISCUSSION**

12   Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised

13   the question of whether the petition is time-barred for failure to file the petition within the one-year

14   limitation period in 28 U.S.C. § 2244(d)(1).

15   **A.  Base Calculation of the Federal Limitation Period**

16   Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise

17   tolled or subject to delayed accrual, begins running after "the date on which the judgment became

18   final by the conclusion of direct review or the expiration of the time for seeking such direct

19   review."  The federal limitation period therefore began running in this case after the time period for

20   seeking *certiorari* review expired: April 29, 2008.  Absent tolling or delayed accrual, the limitation

21   period expired one year later on April 29, 2009.

22   The federal petition in this case was not constructively filed until November 4, 2013, more

23   than four years after the federal limitation period had expired, absent tolling or delayed accrual.

24   Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled

25   during the pendency of a properly filed application for state post-conviction relief or for other state

26   collateral review.  Petitioner's two state post-conviction petitions did not render the federal petition

27   timely, for two reasons.  First, and most significantly, absent other tolling or delayed accrual, the

28   federal limitation period already had expired on April 29, 2009, before the first state petition was

1   filed on August 6, 2009.  Second, an untimely state proceeding in any event is not "properly filed"

2   and thus does not statutorily toll the federal limitation period.  *Pace v. DiGuglielmo,* 544 U.S. 408

3   (2005).  Thus, neither petition tolled the running of the federal limitation period while the petitions

4   were pending.

5          The petition, therefore, is untimely on its face.

6          **B. Petitioner's Response**

7          Petitioner urges that his federal petition is timely because it was filed within one year of the

8   December 13, 2012, remittitur on his post-conviction appeal on his second untimely state petition.[2]

9   This argument is completely without merit under long-established law.  The one-year limitation

10  period does not run from the conclusion of the most recent and last proceeding filed in the state

11  courts.  Rather, as outlined both in the show-cause order and above, the federal limitation period

12  begins to run under 28 U.S.C. § 2244(d)(1)(A) after "the date on which the judgment became final

13  by the conclusion of direct review or the expiration of the time for seeking such direct review."

14  Direct review concludes for purposes of § 2244(d)(1)(A) when the time expires for seeking

15  *certiorari* review from the order of affirmance on direct appeal.  *E.g., Bowen v. Roe*, 188 F.3d 1157

16  (9th Cir. 1999).

17         The time for petitioner to seek *certiorari* review in the Supreme Court from the order of

18  affirmance on direct appeal expired on April 29, 2008.  The federal limitation period therefore

19  began running after that date and – absent tolling or delayed accrual – expired one year later on

20  April 29, 2009.  The federal petition was not filed until more than four years later, on November 4,

21  2013.  The federal petition – under law that was plainly outlined in the show-cause order – therefore

22  is untimely on its face.

23         Petitioner further refers, perhaps as a basis for equitable tolling, to the failure of the counsel

24  appointed to represent him on his first state petition to timely file the petition in 2009.

25         Equitable tolling is appropriate only if the petitioner can show:  (1) that he has been

26  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

27

28         [2]This argument was the principal argument presented by the county public defender in the stricken response.

-3-

1   prevented timely filing.  *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010).  Equitable tolling is

2   "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the

3   threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule,"

4   *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)(*quoting United States v. Marcello*, 212

5   F.3d 1005, 1010 (7th Cir. 2000)).  The petitioner ultimately has the burden of proof on this

6   "extraordinary exclusion."  292 F.3d at 1065.  He accordingly must demonstrate a causal

7   relationship between the extraordinary circumstance and the lateness of his filing.  *E.g., Spitsyn v.*

8   *Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney General*, 499 F.3d

9   1056, 1061 (9th Cir. 2007).

10          The circumstances referred to by petitioner do not demonstrate that extraordinary

11  circumstances stood in the way of and prevented petitioner from timely filing the *federal* petition.

12  The materials that petitioner submitted with the federal petition and the state district court online

13  docket reflect that counsel was appointed for petitioner by the state district court on October 22,

14  2008, without petitioner then having filed a state petition.  Counsel filed a pleading styled as a

15  supplemental petition on August 6, 2009, several months after the February 26, 2009, expiration of

16  the state limitation period.  The district court denied the petition as untimely.  In a copy of a letter to

17  petitioner dated September 14, 2009, submitted with the federal petition, state post-conviction

18  counsel stated that he erroneously had believed that petitioner had filed an original state petition.[3]

19          A copy of a letter from replacement post-conviction appeal counsel dated September 13,

20  2010, informed petitioner that the state supreme court had denied relief.  Counsel stated that "[y]our

21  option is to file a Petition for ineffective assistance of counsel because the attorney did not timely

22  file your petition."  She stated that "[y]ou should do that on your own and request that an attorney

23  be appointed to represent you."[4]

24          A copy of a letter dated June 24, 2011, from petitioner's public defender from his trial and

25  direct appeal also discusses the failure of post-conviction counsel to file a timely petition, the state

26  _____

27          [3]Doc. 1-1, at 54-55.

28          [4]Doc. 1-1, at 58.

1   supreme court's denial of relief on the state post-conviction appeal, and the prospect of filing

2   another petition to raise post-conviction counsel's ineffective representation.  Counsel suggested

3   "that you file your petition soon so as not to let the one year limitation period expire yet again."[5]

4   Petitioner thereafter filed a proper person second state petition on August 9, 2011.  The state district

5   court denied the second petition, and the state supreme court affirmed.

6           These circumstances – which involved a failure to timely seek state post-conviction relief –

7   did not stand in the way of and prevent petitioner from filing a timely federal petition.  At best, the

8   circumstances regarding the first state petition *arguendo* conceivably could have provided a basis

9   for equitable tolling during the period of time that petitioner had an objectively reasonable basis for

10  believing that post-conviction counsel was timely seeking post-conviction relief.  However,

11  petitioner plainly was on notice as early as the September 14, 2009, letter that counsel had failed to

12  file a timely state petition in error.  Petitioner did not seek federal habeas relief until more than *four*

13  *years* later.

14          Petitioner must demonstrate a causal relationship between the alleged extraordinary

15  circumstances and his untimely filing of the *federal* petition.  Petitioner cannot demonstrate such

16  causation in a situation where he was aware over four years prior to the filing of the federal petition

17  that state post-conviction counsel had not filed the first state petition timely.  In a circumstance

18  where a state petition is untimely, a petitioner may not simply continue to litigate the untimeliness

19  issue in the state courts without also pursuing federal relief.  The Supreme Court held in *Pace,*

20  *supra*, in 2005 that an untimely state petition did not statutorily toll the federal limitation period.

21  The Court noted that a petitioner could protect against the lapse of the federal limitation period

22  while litigating the state untimeliness issue in state court by filing a protective federal petition.  *See*

23  544 U.S. at 416-17.  Petitioner Guaydacan had exhausted federal constitutional claims from his

24  previously concluded direct appeal.  After he learned in or before September 2009 that his state

25  petition had not been filed timely by counsel, nothing stood in the way of and prevented petitioner

26  from filing a federal petition.

27  _____

28          [5]Doc. 1-1, at 56-57.

1

2      In a federal petition filed diligently in late 2009 or perhaps early 2010, petitioner could have

3  argued that state post-conviction counsel's failings prior to September 2009 provided a possible

4  basis for equitable tolling overcoming the failure to file the federal petition by April 29, 2009, and

5  prior to such a filing.  That argument would carry no force, however, when petitioner instead seeks

6  federal habeas relief more than four years after learning of post-conviction counsel's failure to file a

7  timely state petition.

8      The fact that petitioner filed a second state petition in proper person in August 2011 – more

9  than two years before the filing of the federal petition – further confirms that nothing stood in the

10 way of and prevented petitioner from filing a federal petition.

11     Any possible attorney negligence or incorrect legal advice in the foregoing circumstances

12 does not provide a basis for equitable tolling.  *See, e.g., Randle v. Crawford*, 604 F.3d 1047, 1058

13 (9th Cir. 2010).  Petitioner does not present any facts suggesting that he specifically was misadvised

14 as to the application of the federal limitation period.  However, even if he were, such attorney error

15 would not provide a basis for equitable tolling.

16     Petitioner's *pro se* status and alleged ignorance of the law otherwise do not provide a basis

17 for equitable tolling.  *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir.

18 2009); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Petitioner accordingly has failed

19 to present extraordinary circumstances that might tend to establish a viable basis for equitable

20 tolling.  The Court further finds that petitioner was not diligent.  The ten-month gap between the

21 two state petitions and the eleven-month gap between the second state petition and the federal

22 petition do not suggest diligence.[6]  *Cf. Pace*, 544 U.S. at 419 (in conjunction with other factors, the

23 petitioner's five-month delay in seeking federal habeas relief after the proceedings concluded on his

24 untimely state petition precluded a finding of diligence).  While petitioner may have believed,

25 erroneously, that he had a year after the denial of each untimely state petition within which to seek

26

27 _____

28   [6]It appears that petitioner initially sought appointment of counsel following the state supreme court decision on the first petition, but he did not proceed forward diligently after counsel was not appointed by the state district court.

1  further relief, a diligent petitioner nonetheless would have proceeded with more alacrity after

2  learning that his first petition had not been filed timely by counsel. The nearly two years of

3  combined time during which petitioner had no petition pending in any court undercut any claim that

4  petitioner pursued his rights diligently.

5       The petition therefore will be dismissed with prejudice as time-barred.[7] Given that the

6  petition clearly is untimely and an evidentiary hearing is not warranted, the motion for appointment

7  of counsel will be denied.

8  **III.**     **CONCLUSION**

9       **IT THEREFORE IS ORDERED** that the petition is DISMISSED with prejudice as

10  untimely.

11       **IT FURTHER IS ORDERED** that a certificate of appealability is DENIED. Jurists of

12  reason would not find the district court's dismissal of the petition as untimely to be debatable or

13  wrong. The federal petition is untimely by more than four years. State post-conviction counsel's

14  failure to file a timely state petition in 2009 might have provided a basis for equitable tolling on an

15  earlier federal petition. However, petitioner did not seek federal habeas relief for more than four

16  years after he learned that counsel had failed to file a timely state petition through error. Any

17  attorney negligence or incorrect legal advice would not provide a basis for equitable tolling on the

18  facts presented. This conclusion would follow even if petitioner had presented evidence that he had

19  been misadvised specifically about the federal limitation period, which he did not. Nor has

20  petitioner demonstrated diligence in pursuing his rights, as a combined period of nearly two years

21  (ten months and eleven months) passed during which petitioner had no petition pending in any

22  court.

23       **IT FURTHER IS ORDERED** that petitioner's motion (Doc. 2) for appointment of counsel

24  is DENIED. Petitioner has not presented a viable basis for overcoming the federal limitation period

25  and/or for an evidentiary hearing regarding same. The Court does not find that the interests of

26  justice require the appointment of counsel in this clearly untimely federal action.

27  

28       [7]See also #3, at 3-4 (discussing the noncognizable claim in Ground 11 in particular).

-7-

1

2    The Clerk of Court shall enter final judgment accordingly, in favor of respondents and

3    against petitioner, dismissing this action with prejudice.

4        Dated: August 15, 2014.

5

6                                          _____
                                           JENNIFER A. DORSEY
7                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28